NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDWARD L. BRIGHT, II, CLARENCE FORKNER, HOMER E. HAMILTON, DEBBIE M. HAMILTON, RICKY D. RUSSELL, BRADY J. STUART, AND ROSE M. STUART,**
*Plaintiff-Appellants,*

AND

**EARLEEN FAUVERGUE,**
*Plaintiff,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2010-1385

---

Appeal from the United States District Court for the Western District of Missouri in case no. 09-CV-5014, Judge Richard E. Dorr.

---

**ON MOTION**

---

Before PROST, *Circuit Judge.*

**ORDER**

The appellants move to remand this case for further proceedings in light of this court's decision in *Bright v. United States*, 603 F.3d 1273 (Fed. Cir. 2009). The United States opposes. The appellants reply.

Appellants are putative members of a class of landowners that previously filed taking claims in the United States Court of Federal Claims. The Court of Federal Claims dismissed the appellants from the class, finding their claims barred because they did not opt in to the class before the expiration of the statute of limitations under 28 U.S.C. § 2501. The appellants appealed to this court and also filed taking claims under the Little Tucker Act in the United States District Court for the Western District of Missouri. The district court dismissed the claims, finding the appellants' claims untimely because the proceedings in the Court of Federal Claims did not toll the statute of limitation under 28 § U.S.C. 2401. This appeal followed.

In *Bright*, this court reversed the Court of Federal Claims' judgment and remanded for further proceedings, holding that when a class action complaint is filed in the Court of Federal Claims and class certification is sought prior to the expiration of the period, the limitations period is tolled during the period the court allows putative class members to opt in. The United States asserts, inter alia, that *Bright* does not control the disposition of this case. Based on the very limited arguments presented by the parties in the motions papers, and without deciding if the issues raised by the United States preclude reversal or remand in this case, we determine that the parties should brief the issues.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is denied without prejudice to the parties discussing in the briefs whether remand is appropriate.

(2) The stay of the briefing schedule is lifted. The appellants' opening brief is due within 30 days of the date of filing of this order.

FOR THE COURT

**AUG 0 1 2011**
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc: Mark F. Hearne, II, Esq.,
     Katherine J. Barton, Esq.

s20

**FILED**
**U.S. COURT OF APPEALS FOR**
**THE FEDERAL CIRCUIT**

**AUG 0 1 2011**

**JAN HORBALY**
**CLERK**